### IN THE UNITED STATES DISTRICT COURT FOR THE
### NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| LARRY ARNELL FOSTER,<br><br>    Plaintiff,<br><br>vs.<br><br>CAROLYN W. COLVIN,<br>Act6ing Commissioner, Social Security<br>Administration,[1]<br><br>    Defendant. | Case No. 11-CV-659-FHM |

### **OPINION AND ORDER**

Plaintiff, Larry Arnell Foster, seeks judicial review of a decision of the Commissioner of the Social Security Administration denying Social Security disability benefits.[2] In accordance with 28 U.S.C. § 636(c)(1) & (3), the parties have consented to proceed before a United States Magistrate Judge.

### **Standard of Review**

The role of the court in reviewing the decision of the Commissioner under 42 U.S.C. § 405(g) is limited to a determination of whether the record as a whole contains substantial evidence to support the decision and whether the correct legal standards were applied. *See Briggs ex rel. Briggs v. Massanari*, 248 F.3d 1235, 1237 (10th Cir. 2001); *Winfrey v. Chater*, 92 F.3d 1017 (10th Cir. 1996); *Castellano v. Secretary of Health & Human Servs.*,

---

[1] Effective February 14, 2013, pursuant to Fed. R. Civ. P. 25(d)(1), Carolyn W. Colvin Acting Commissioner of Social Security, is substituted as the defendant in this action. No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

[2] Plaintiff's February 13, 2009, application for disability benefits was denied initially and on reconsideration. A hearing before Administrative Law Judge ("ALJ") John W. Belcher was held July 27, 2010. By decision dated August 23, 2010, the ALJ entered the findings that are the subject of this appeal. The Appeals Council denied Plaintiff's request for review on September 1, 2011. The decision of the Appeals Council represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

26 F.3d 1027, 1028 (10th Cir. 1994). Substantial evidence is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427, 28 L. Ed.2d 842 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). The court may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Casias v. Secretary of Health & Human Servs.,* 933 F.2d 799, 800 (10th Cir. 1991). Even if the court would have reached a different conclusion, if supported by substantial evidence, the Commissioner's decision stands. *Hamilton v. Secretary of Health & Human Servs.,* 961 F.2d 1495 (10th Cir. 1992).

## Background

Plaintiff was 42 years old on the alleged date of onset of disability and 44 on the date of the denial decision. He graduated from high school, has one year of college, and obtained technical training in heating and air conditioning. He formerly worked as forger, warehouseman, body assembler, appliance assembler, deli worker, hand packer, and janitor. He claims to have been unable to work since January 1, 2009 as a result of diabetes mellitus, problems related to a cerebrovascular accident, and an inability to walk further than a block at one time.

## The ALJ's Decision

The ALJ determined that Plaintiff has the residual functional capacity (RFC) to perform sedentary work as defined in 20 C.F.R. §§ 404.1567(a), 416.967(a). Specifically, Plaintiff is able to occasionally lift and/or carry 10 pounds and frequently lift and/or carry less than 10 pounds. He can stand and/or walk two hours in an eight hour workday and

can sit 6 hours in an eight hour workday.  He has some additional postural limitations and is unable to work around fast and dangerous machinery, unprotected heights, or drive or work around pools of water.  [R. 21-22].  Although Plaintiff is unable to perform his past relevant work, based on the testimony of a vocational expert, the ALJ determined that there are a significant number of jobs in the national economy that Plaintiff could perform with these limitations.  The case was thus decided at step five of the five-step evaluative sequence for determining whether a claimant is disabled.  *See Williams v. Bowen*, 844 F.2d 748, 750-52 (10th Cir. 1988) (discussing five steps in detail).

## **Plaintiff's Allegations**

Plaintiff asserts that the decision should be reversed and the case remanded because the ALJ: failed to propound a proper hypothetical question to the vocational expert; failed to properly weigh the opinion evidence; and failed to perform a proper credibility determination.

## **Analysis**

### Hypothetical Question

Plaintiff argues that the decision should be reversed because the ALJ failed to include any restriction in the RFC and the hypothetical question to the vocational expert related to alleged shoulder pain.  According to Plaintiff, pain and reduced range of motion in the left shoulder should have resulted in an RFC limitation on reaching.

The ALJ noted Plaintiff's complaint of shoulder pain with difficulty raising his shoulder overhead and that Plaintiff "guessed" his shoulder was injured in 1998.  [R. 23]. On May 27, 2009, the consultative examiner noted diminished range of motion in the left

shoulder with some pain on abduction past 90 degrees. [R. 281, 284]. The ALJ noted the consultative examiner's shoulder findings. [R. 24]. The ALJ thus clearly considered Plaintiff's shoulder complaints.

The court finds no error in the ALJ's failure to include a reaching limitation in the RFC to accommodate shoulder pain. The ALJ limited Plaintiff to lifting and carrying the minimal weight of ten pounds. The State Disability Determination Service expert who reviewed the medical records acknowledged Plaintiff's shoulder range of motion but did not include any reaching limitation in his RFC assessment dated November 30, 2009. [R. 365, 366]. Further, although Plaintiff argues that his shoulder range of motion precludes the reaching required by the jobs identified by the vocational expert, the court notes that nothing within the Dictionary of Occupational Titles description of those jobs indicates that overhead reaching, which is what Plaintiff claims he is unable to do, is required. *See Dictionary of Occupational Titles* #209.567-014, 1991 WL 671794; #209.587-010, 1991 WL 671797; #726.684-110, 1991 WL 679616.

<u>Weighing Opinion Evidence</u>

There is no merit to Plaintiff's contention that the ALJ erred on the basis that he failed to mention the opinion rendered by the State Disability Determination Service (DDS) reviewing expert. That expert did not opine that Plaintiff was unable to work. [R. 363-370]. Rather, the ALJ's RFC finding is in complete accord with the DDS expert's RFC for sedentary work.

Plaintiff asserts that the ALJ ignored the opinion by his treating physician that he has disabling vascular disease. In support of this assertion, Plaintiff points to two occasions, September 2, 2009 and October 2, 2009 when his treating vascular surgeon recorded the

4

following impression: "atherosclerotic arterial occlusive disease, bilateral lower extremities with disabling intermittent claudication and occasional rest pain."[3]  [R. 373, 376].  These statements use the word disabling, but contain no indication as to the physician's opinion about what he thought Plaintiff was incapable of doing.  The statements certainly do not address Plaintiff's ability to perform sedentary work.

Furthermore, Plaintiff had surgery for this condition on October 29, 2009. [R. 433]. Following surgery, on December 7, 2009 and January 25, 2010, Plaintiff's physician recorded Plaintiff's walking distance remains remarkably improved and no rest pain. [R. 374, 375].  Post surgery doppler studies revealed significant improvement. [R. 380, 383]. On February 3, 2010, Plaintiff reported he "feels great." [R. 528].[4]  The ALJ noted the surgery and the post surgical improvement in the doppler studies. [R. 26].  Although the ALJ did not mention the part of the entries highlighted by Plaintiff, it is clear that the ALJ considered these records.  It is also clear that Plaintiff's ability to walk improved after his surgery.  The court does not view the surgeon's records as suggesting that Plaintiff could not perform sedentary work.

On February 3, 2010, Plaintiff requested a letter of his doctor because "they want to find him and arrest him for not paying child support." [R. 528].  The same note indicates a letter was written for the court.  *Id*.  A letter dated February 3, 2010 addressed to whom

---

[3] Plaintiff reported experiencing severe pain in his calves when walking.  The pain started at about one block or less.  Plaintiff also reported occasional cramping at night. [R. 372, 384-386].

[4] Plaintiff submitted additional records to the Appeals Council for consideration.  In a note dated March 29, 2010, it is noted: "feels wonderful," and claudication improved. [R. 517].  On September 9, 2010, it is recorded that Plaintiff "walked home after his appointment and walks one mile everyday. [R. 510].

Although the records submitted to the Appeals Council were not before the ALJ, the court is required to review those records to determine whether, even considering this new evidence, the ALJ's decision is supported by substantial evidence.  *O'Dell v. Shalala*, 44 F.3d 855, 859 (10th Cir. 1994).  The court finds that the records submitted to the Appeals Council do not undermine, but support the ALJ's decision.

5

it may concern relates that Plaintiff has been under the care of Dr. Fox since January 2009. The letter lists Plaintiff's active medical problems, as follows: diabetes mellitus x 25 years; hypertension; dyslipidemia; peripheral vascular disease with history of disabling claudication; history of stroke with sequelae of vertigo disequilibrium resulting in falls as well as decreased visual acuity. [R. 395]. Dr. Fox also states: "[t]o the best of my knowledge he has not been working over this last year, nor has he been able to in light of the sequelae of his stroke and his severe claudication." *Id*. Plaintiff states that the ALJ ignored this opinion. The ALJ did not mention this letter. Although it would have been preferable for the ALJ to have discussed it, the court finds that the failure to discuss the letter was harmless.

The record does not support Plaintiff's claim that he was unable to perform the demands of sedentary work. The ALJ's discussion of the evidence clearly demonstrates that fact. The ALJ noted that by March 2009, Plaintiff reported some gait problems, but had improvement since January. The May 2009 consultative examination report noted gross and fine motor coordination and grip strength to be intact. Plaintiff could walk without difficulty or the need for assistive device. [R. 24]. Similar findings were reported for the November 2009 consultative exam. [R. 25]. Following surgery, Plaintiff's walking distance was remarkably improved and testing showed significant improvement. [R. 26]. In light of these findings, remanding the case for the ALJ to discuss the February 3, 2009 letter would not change the outcome of the case. The court is confident that no reasonable administrative factfinder considering the February 3, 2009 letter could have resolved the disability decision in any other way. *See Allen v. Barnhart*, 357 F.3d 1140, 1145 (10th Cir. 2004)(reversal not required where certain technical errors are minor enough not to

6

undermine confidence in the determination of the case), Gay v. Sullivan, 986 F.2d 1336, 1341 n. 3 (10th Cir.1993) (refusing to remand where technical omission in ALJ's decision-making process "if error, was minor enough not to undermine confidence in the determination of this case").

## Credibility Determination

Much of Plaintiff's argument concerning the ALJ's credibility determination addresses the ALJ's use of stock boilerplate language. The Tenth Circuit has made it clear that in the absence of a more thorough analysis, the use of boilerplate language is insufficient to support an ALJ's credibility determination. However, the Tenth Circuit has made it equally clear that when the ALJ provides specific reasons for his credibility determination and links the credibility determination to the evidence, the presence of boilerplate language will not require remand. *Cf. Boehm v. Astrue*, 2013 WL 541067 at *2 (10th Cir. 2013) (rejecting the same argument advanced in this case in another appeal argued by Plaintiff's counsel), *Polson v. Astrue*, 2013 WL 238849 at *2 (10th Cir. 2013) (same), *Strickland v. Astrue*, 2013 WL 3935755 at *7 (10th Cir. 2012) (same).

The court finds that the ALJ supported his credibility findings and appropriately related them to the record. The ALJ pointed out that Plaintiff's medications have been relatively effective when taken as prescribed. The ALJ also noted in his discussion of the medical evidence where Plaintiff's testimony differed from the medical record. The court is able to follow the ALJ's reasoning and finds that the credibility determination has support in the record. "Credibility determinations are peculiarly the province of the finder of fact, and [the court] will not upset such determinations when supported by substantial evidence. However, findings as to credibility should be closely and affirmatively linked to substantial

evidence and not just a conclusion in the guise of findings." *Hackett v. Barnhart*, 395 F.3d 1168, 1173 (10th Cir.2005) (citation, brackets, and internal quotation marks omitted).

## Conclusion

The Court finds that the ALJ evaluated the record in accordance with the legal standards established by the Commissioner and the courts. The Court further finds there is substantial evidence in the record to support the ALJ's decision. Accordingly, the decision of the Commissioner finding Plaintiff not disabled is AFFIRMED

SO ORDERED this 19th day of March, 2013.

FRANK H. McCARTHY
UNITED STATES MAGISTRATE JUDGE